IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

United States Courts
Southern District of Texas
ENTERED
MAR - 7 2005
N. Milby, Clerk of Court

| | | |
|---|---|---|
| JOHNNY CLYDE COBB, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-04-1589 |
| | § | |
| DOUGLAS DRETKE, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM AND ORDER

Petitioner Johnny Clyde Cobb, represented by counsel, seeks habeas corpus relief under 28 U.S.C. § 2254, challenging a state felony conviction for capital murder. Respondent filed a motion for summary judgment (Docket Entry No. 6), to which petitioner has filed a response (Docket Entry No. 10).

Based on consideration of the pleadings, the motion and response, the record, and the applicable law, the Court grants respondent's motion for summary judgment and dismisses this case.

### I. Background

A jury found petitioner guilty of the felony offense of capital murder, and on August 19, 1998, the trial court sentenced him to life imprisonment. Petitioner's conviction was affirmed on direct appeal. *Cobb v. State*, No. 14-98-01068-CR (Tex. App. – Houston [14th Dist.] 2000, pet. ref'd). The Texas Court of Criminal Appeals refused his petition for discretionary review. *Cobb v. State*, P.D.R. No. 911-00. Petitioner's application for state

habeas relief was denied by the Texas Court of Criminal Appeals on January 28, 2004. *Ex parte Cobb*, Application No. 58,091-01, at cover.

Petitioner filed this federal petition on April 21, 2004, raising the following grounds for habeas relief:

(1) the trial court erred in admitting petitioner's written statement;

(2) the trial court erred in allowing victim impact testimony during the guilt-innocence phase of trial; and

(3) trial counsel was ineffective in failing to object to victim impact testimony during the guilt-innocence phase of trial.

Respondent moves for summary judgment, and argues that petitioner's habeas grounds are unexhausted, procedurally defaulted, and without merit.

## II. The Applicable Legal Standards

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) applies to this petition. The intent of the AEDPA is to prevent federal habeas "retrials" and to ensure that state court convictions are given effect, to the extent possible under the law, by limiting the scope of collateral review and raising the standard for federal habeas relief. *Bell v. Cone*, 535 U.S. 685, 693 (2002); *Robertson v. Cain*, 324 F.3d 297, 306 (5th Cir. 2003).

Under the AEDPA, federal relief cannot be granted on claims adjudicated on the merits in state court unless the state court adjudication was contrary to clearly established federal law as determined by the Supreme Court, or involved an unreasonable application of clearly established federal law as determined by the Supreme Court. *Williams v. Taylor*, 529 U.S. 362, 404-05 (2000); 28 U.S.C. §§ 2254(d)(1) and (2). A state court decision is

contrary to federal precedent if it applies a rule that contradicts the governing law set forth by the Supreme Court, or if it confronts a set of facts that are materially indistinguishable from a Supreme Court decision and arrives at a result different from the Supreme Court's precedent. *Early v. Packer*, 537 U.S. 3, 7-8 (2002). A state court unreasonably applies Supreme Court precedent if it unreasonably applies the correct legal rule to the facts of a particular case, or unreasonably extends a legal principle from Supreme Court precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply. *Williams,* 529 U.S. at 409. The "unreasonable application" standard requires the state court decision to be more than incorrect or erroneous. The state court's application of clearly established law must be objectively unreasonable. *Lockyer v. Andrade*, 538 U.S. 63, 75 (2003).

The AEDPA affords deference to a state court's resolution of factual issues. Under 28 U.S.C. § 2254(d)(2), a decision adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless it is objectively unreasonable in light of the evidence presented in the state court proceeding. *Miller-El v. Cockrell*, 537 U.S. 322, 343 (2003). A federal habeas court must presume the underlying factual determination of the state court to be correct, unless the petitioner rebuts the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *see also Miller-El*, 537 U.S. at 330-31. These standards will be applied to the pending motion for summary judgment.

## III. Procedural Default

Respondent argues that petitioner's first two grounds for federal habeas relief are unexhausted, procedurally defaulted, and cannot be considered by this Court. The state court record shows that petitioner confessed to committing two robberies, one of which resulted in the death of his victim. At trial, petitioner moved to suppress his written confession, claiming that the State failed to comply with state law provisions governing the confession. His motion was denied. On direct appeal, petitioner argued that the confession was inadmissible because the State failed to comply with a different state law provision. The state appellate court held that petitioner failed to preserve error, and affirmed the conviction. *Cobb*, No. 14-98-01068-CR, at 5. On collateral review, petitioner raised ineffective assistance of trial counsel, but not trial court error. Petitioner now argues in his first ground for relief that his written confession was inadmissible because he did not voluntarily waive his Fifth Amendment rights.

In his second ground for relief, petitioner argues for the first time that victim impact testimony is or should be inadmissible during the guilt/innocence stage because its prejudicial effect on the jury violates the Sixth Amendment. Petitioner contends that such testimony should be inadmissible *per se*, and he presents no facts or argument showing that the victim impact testimony in *his* case violated his Sixth Amendment rights.

Petitioner failed to raise and exhaust these two habeas grounds in state court on either direct appeal or collateral review. If he tried to return to the state courts to present his claims in a habeas application, his application would be dismissed as an abuse of the

writ. The Texas abuse of the writ doctrine is an adequate ground for considering a claim procedurally defaulted. *Nobles v. Johnson*, 127 F.3d 409, 422-23 (5th Cir. 1997). Accordingly, these claims have been procedurally defaulted, and are barred from consideration by this Court.

Petitioner argues that a habeas petitioner who has failed properly to present his federal constitutional claims to the state courts can still be considered to have exhausted his state remedies if the state courts are no longer open to his claim because of a procedural bar. "A habeas petitioner who has defaulted his federal claims in state court meets the technical requirements for exhaustion; there are no state remedies any longer 'available' to him." *Coleman v. Thompson*, 501 U.S. 722, 732 (1991). While petitioner's argument is technically correct, the same procedural bar that satisfies the exhaustion requirement simultaneously provides an adequate and independent state procedural ground to support the state judgment and thus prevents federal habeas corpus review of the defaulted claim. This remains the case unless a petitioner can demonstrate cause and prejudice for the default, or if the default would work a fundamental miscarriage of justice. *Id.* at 750.

To demonstrate a fundamental miscarriage of justice, a petitioner must establish that under the probative evidence, he has a colorable claim of factual, or actual, innocence. A petitioner may demonstrate actual innocence during the guilt-innocence phase by showing that, in view of the identified constitutional error, it is more likely than not that no reasonable juror would have convicted him. *Schlup v. Delo*, 513 U.S. 298, 329 (1995). Petitioner neither urges nor presents supportive facts of actual innocence, and he fails to

5

show grounds excusing his procedural default under the fundamental miscarriage of justice standard.

Under the cause and prejudice standard, "cause" requires a showing of some external impediment preventing counsel from constructing or raising the claim. *See Murray v. Carrier*, 477 U.S. 478, 488 (1986); *Smith v. Dixon*, 14 F.3d 956, 974 (5th Cir. 1994). "Cause" is defined as something external to the petitioner, something that cannot fairly be attributed to him that impedes his efforts to comply with the state procedural rule. *Moore v. Roberts*, 83 F.3d 699, 704 (5th Cir. 1996). Factors may include interference by officials that makes compliance with the procedural rule impracticable, a showing that the factual or legal basis for the claim was not reasonably available to counsel, and ineffective assistance of counsel–in the constitutional sense–on direct appeal. *Murray*, 477 U.S. at 488. If a petitioner fails to demonstrate cause, the court need not consider whether there is actual prejudice. *Rodriguez v. Johnson*, 104 F.3d 694, 697 (5th Cir. 1997).

As "cause" in this case, petitioner argues that the "impediment preventing counsel from constructing or raising a claim" with regard to victim impact evidence is that it is a novel, unsettled area of law. (Docket Entry No. 10, pp. 11-12). Petitioner fails to cite, and this Court is unaware of, any Supreme Court authority holding that "unsettled" law or the novelty of a legal argument suffices as "cause" excusing exhaustion requirements or a procedural default.[1]

---

[1] Petitioner's two Sixth Amendment arguments are inherently inconsistent. His first assertion – that admission of the victim impact testimony was an unreasonable application of and contrary to established Supreme Court precedent (Docket Entry No. 10, pp. 5-6) – directly

6

Petitioner's first two habeas grounds are unexhausted and procedurally defaulted. No recognized equitable exception to the procedural default bar has been shown. Habeas relief is denied under these two grounds.

### IV. Claim of Ineffective Assistance of Counsel

In his third ground for habeas relief, petitioner claims that trial counsel was ineffective in failing to object to the following victim impact testimony during guilt-innocence:

> [COMPLAINANT'S FATHER]: My family is tore up right now. It's been tore up. I'm having problems with my daughter. My wife can't sleep. It's just a big empty hole there. It's affected my other – my older sons.
>
> On my way to work, I pass by the cemetery every day. It's just – just a big hole that I can't fill.

(Reporter's Record, Vol. 6, pp. 529-30). Petitioner's argument was presented to and rejected by the state court on direct appeal, which held that

> The record contains no evidence to explain why [petitioner's] counsel did not object to the victim impact testimony. We are unable to conclude that [petitioner's] trial counsel's performance was deficient. Therefore, [petitioner] has failed to rebut the presumption that his counsel's failure to object was a reasonable decision.

*Cobb*, No. 14-98-01068-CR, at 4 (citations omitted).

Petitioner re-urged his argument on collateral review. Trial counsel submitted an affidavit as ordered by the trial court, setting forth his investigation, preparation, and trial

---

contradicts his second assertion – that petitioner should be excused from failing to challenge admissibility of the victim impact testimony in state court because the issue is "novel" and an "unsettled" area of law (*id.*, pp. 11-12).

strategy. *Ex parte Cobb*, pp. 45-46. The trial court accepted the facts set forth by trial counsel in his affidavit, and found that the totality of representation afforded petitioner was sufficient to protect his right to reasonably effective assistance of counsel. *Id.*, p. 60.

To prevail on a claim of ineffective assistance of counsel, a petitioner must show that counsel's actions fell below an objective standard of reasonableness and that petitioner suffered prejudice as a result. *Strickland v. Washington,* 466 U.S. 668 (1984); *Martin v. Cain,* 246 F.3d 471, 477 (5th Cir. 2001). The district court may resolve an ineffective assistance claim if counsel either rendered reasonably effective assistance or no prejudice can be shown. A court evaluating such a claim need not address the reasonableness component first. If a petitioner fails to make one of the required showings, the court need not address the other. *Strickland,* 466 U.S. at 697.

In assessing the reasonableness of counsel's performance, the court must indulge a strong presumption that the performance falls within the wide range of reasonable professional assistance and that the challenged action might be considered sound trial strategy. *Strickland,* 466 U.S. at 689; *Gray v. Lynn,* 6 F.3d 265, 268 (5th Cir. 1993). As to the prejudice prong of the inquiry, a convicted defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A conscious, informed decision on trial tactics and strategy cannot form the basis for constitutionally ineffective assistance of counsel unless it is so ill chosen that it permeates the entire trial with obvious unfairness. *Moore v. Johnson,* 194 F.3d 586, 591-92 (5th Cir. 1999). It is petitioner's burden to overcome the

presumption that the challenged conduct "might be considered sound trial strategy." *Bell v. Cone*, 535 U.S. 685, 698 (2002).

The state habeas court found that petitioner failed to meet his burden of proving ineffective assistance of counsel under his arguments. *Ex parte Cobb*, p. 60. The Court of Criminal Appeals impliedly based its denial of habeas relief on this finding. *Id.* at cover. The state court's findings reasonably applied the law to the facts, consistent with clearly established federal law, and were not objectively unreasonable.

An independent review of the state court record in the instant case does not reveal clear and convincing evidence that would rebut the presumption of correctness of the state court's adjudication of petitioner's ineffective assistance claims. Nor does petitioner show that had trial counsel objected, the court would have sustained the objection and excluded the victim impact testimony. Contrary to petitioner's argument, the victim impact testimony did not present "family members' opinions and characterizations of the crime." (Docket Entry No. 10, p. 13.) The record shows, and petitioner admits, that trial counsel objected to portions of the victim impact testimony, and the trial court overruled his objections. It would not have been unreasonable for counsel to exercise professional judgment and decide that further objections would not only be futile, but potentially harmful in inflaming the jury against his client.

Petitioner further fails to show that, but for counsel's alleged deficiency, the result of the trial would have been different. Ample evidence in the record points to petitioner's

9

guilt, not the least of which is his own confession. Petitioner fails to show a basis for the relief he seeks, and his petition is denied. 28 U.S.C. § 2254(d)(1).

## V. Certificate of Appealability

The showing necessary for a certificate of appealability is a substantial showing of the denial of a constitutional right. *Slack v. McDaniel*, 529 U.S. 473, 483 (2000); *Hernandez v. Johnson*, 213 F.3d 243, 248 (5th Cir. 2000). An applicant makes a substantial showing when he demonstrates that his application involves issues that are debatable among jurists of reason, that another court could resolve the issues differently, or that the issues are suitable enough to deserve encouragement to proceed further. *Clark v. Johnson*, 202 F.3d 760, 763 (5th Cir. 2000). When the district court denies a habeas petition on procedural grounds without reaching the inmate's underlying constitutional claim, a certificate of appealability should issue when the inmate shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Rudd v. Johnson*, 256 F.3d 317, 319 (5th Cir. 2001). Petitioner has not made the showing necessary for issuance of a certificate of appealability, and a certificate of appealability is denied.

## VI. Conclusion

Respondent Dretke's motion for summary judgment (Docket Entry No. 6) is **GRANTED**. The petition for writ of habeas corpus is **DENIED**, and this case is **DISMISSED** with prejudice. A certificate of appealability is **DENIED**.

The Clerk will provide a copy of this order to the parties.

Signed at Houston, Texas, on this the 2nd day of March, 2005.

_____
KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE